IOWA ECONOMIC HEATER CO. *v.* AMERICAN ECONOMIC HEATER CO.
and others.

(*Circuit Court, N. D. Illinois.* November 21, 1887.)

1. FRAUD—FALSE REPRESENTATIONS TO CORPORATE OFFICER.
   In an action by a corporation to recover damages for alleged fraudulent misrepresentations as to the merits of a certain heating device, made by officers of the company owning said device, to certain parties who thereupon organized a corporation for the purpose of selling said heater, *held,* that such statements were in effect made to such corporation.

2 SAME—FALSE REPRESENTATION—SALE OF INVENTOR'S RIGHTS.
   A corporation purchasing the right to sell a device or invention may rightfully rely upon the statements and representations of the vendors, and is not bound by the doctrine of *caveat emptor.*

3. FRAUD—PLEADING—JOINDER WITH CONTRACT.

A suit being brought for fraudulent representations in the sale of the right to sell a certain invention, the plaintiff also alleged that defendant failed to deliver to plaintiff a certain number of the patented articles as agreed. *Held*, on demurrer for joinder of tort and contract, that this latter allegation was not a cause of action sounding in contract, but was an allegation of defendants' fraudulent scheme, and as such is pertinent to the claim for damages for the tort.

*F. A. Johnson* and *Edwin Bean*, for plaintiff.
*Payne & Porter*, for defendants.

BLODGETT, J. This is an action on the case to recover damages for alleged fraudulent misrepresentations made by the defendants to the plaintiff. The declaration, in substance, avers that the defendant Coffey as president, and Young, an employe of the defendant company, made to certain citizens of Iowa, who afterwards united in the formation of plaintiff company, certain false and fraudulent representations in regard to the merits of a heating device manufactured by the defendants under letters patent issued October 9, 1883, to one Peck, which patent was owned by the defendants, and by reason of such representations plaintiff was induced to pay $15,000 for the right to sell such heater in the state of Iowa, and induced to give defendants an order for the manufacture of 100 heaters, to be supplied within 30 days, which order has never been filled.

The declaration further avers that the said representations were false, and that Coffey and Young well knew that they were false at the time they were made, and that the same were made with the intent to defraud the plaintiff, and said heaters were of no practical value, and wholly worthless, as defendants and their said agents then well knew, and that, by reason of such fraudulent conduct of the defendants, the plaintiff has sustained damages to the extent of $20,000.

To this declaration the defendants demurred, the grounds of the demurrer being: (1) That the plaintiff had no corporate existence at the time these representations were made, and that the representations complained of were not made to the plaintiff. (2) That the declaration sounds partly in *assumpsit* for the manufacture and delivery of 100 heaters, and partly in tort for the false representations complained of. (3) That it does not appear that there was any concealment by defendant or its officers or agents of the defects of the heater which made it a failure.

As to the first objection, it sufficiently appears that the representations complained of were made to the persons who afterwards united in the formation of the plaintiff company, and that the plaintiff purchased the right of the state of Iowa by reason of said representations, as well as by reason of the statements in regard to the merits of the heater contained in a circular issued by the defendant company, and which was shown or presented to the officers of the plaintiff after the plaintiff company was organized. The allegations are that the plaintiff purchased the right and paid the $15,000 by reason of these false representations. A corporation cannot be said to know anything except through its members or

agents, and representations made to individuals, by reason of which such individuals are induced to form a corporation, may be said to be made to the corporation. The statements made were the moving cause of the organization of the corporation, and it was formed to act upon the information given to those who promoted its organization; and if this information was false and fraudulent, and the corporation was damaged thereby, it may have its action for such resulting damages. In Mor. Corp. § 573, it is said:

"The agents of a corporation are subject to the general rule of the common law; that a person is liable for the direct consequences of a false and fraudulent representation whereby another is misled. Thus it has often been decided that directors are liable for fraudulent representations as to the financial condition of the company, whereby others are induced to give credit to the company, or to purchase its obligations or shares of its stock. If directors issue reports or prospectuses intended for general circulation, and to advertise and give credit to the company with the public, they are responsible for the natural consequence of their action in this respect; and, therefore, if the reports or prospectuses are false, and were made fraudulently, any person into whose hands they come in the ordinary course of events, and who is misled thereby, has his action against the directors; it is not necessary that the misrepresentation be made by the directors directly to the party complaining."

While this authority does not state just this case, yet the principle seems to cover the question here involved—that if false and fraudulent representations are made to persons who afterwards become officers or agents of a corporation, and the corporation acts on the faith of such representations, and is thereby defrauded, an action will lie in favor of the corporation for the damages thus sustained.

There can be no doubt in this case, from the allegations stated, that if these citizens of Iowa to whom these representations were made had at once formed themselves into a firm for the purpose of purchasing and vending the right to use these heaters, they would have had their action; and it is well known that the formation of a corporation is merely a method of associating capital for the purpose of transacting such business as corporations of this class are authorized to transact; hence these statements, if false, made to such persons, are clearly statements made to the corporation itself. This corporation may be said to have had its origin in the impression which was made by the statements upon the minds of the persons who organized it. The principle is also asserted in *Mason* v. *Crosby*, 1 Woodb. & M. 342; *Smith* v. *Babcock*, 2 Woodb. & M. 246; *Crocker* v. *Lewis*, 3 Sum. 1.

As to the misjoinder, the allegation of the plaintiff is that the defendants refused to sell the right to manufacture these heaters, but agreed to fill plaintiff's orders for heaters, and allow plaintiff to sell them in the state of Iowa; and that an order for 100 heaters was given, which the defendants refused to fill. No specific damages were claimed for the non-fulfillment of this order, but the allegation is that this refusal to allow others to make, and the refusal of defendants to fill the order, was part of the scheme of the defendants to conceal the radical defects of the

heaters from the plaintiff, and, in this light, this allegation is undoubtedly material and pertinent to the claim for damages.

As to the point that the plaintiff is held to the doctrine of *caveat emptor*, it is enough to say that the declaration avers positive statements by the officers of defendant company, verbally and through its circulars, as to the superior utility and success of the heaters, and the law is well settled that the plaintiff had the right to rely and act upon these representations, and if they were false and fraudulent, an action will lie to recover any damages, upon the principle that actual fraud vitiates all contracts, and entitles the party to damages by reason of such fraud. The position of defendants on this point, in effect, is that a person to whom false representations are made in regard to the utilities of a new invention is bound to know that such representations are false, and that such vendors may deal in falsehood and misrepresentation with impunity; for it is the logic of the position taken by the defendants that a party offering a new device for sale may state falsehoods, to any extent that he thinks will promote a sale, if he can thereby induce another to deal with him; because the one with whom he deals is bound, by the doctrine of *caveat emptor*, to know that the machine would not work. It will not do to turn people loose to deal in falsehood, with impunity, in that way.

The demurrer is overruled.